IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| VERA FRANKLIN | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. |
| | : | 7:06-CV-121-HL |
| GEORGE P. HAMM, and | : | |
| LANIER COUNTY SCHOOL DISTRICT | : | |
| Defendants. | : | |

# ORDER

Before the Court are Defendant George P. Hamm's Motion for Summary Judgment (Doc. 27) and Defendant Lanier County School District's Motion for Summary Judgment (Doc. 33). For the following reasons, Defendant Hamm's Motion is granted in part and denied in part, and Defendant Lanier County School District's Motion is granted.

## I.  FACTS

Viewed in the light most favorable to Plaintiff as the nonmoving party, the facts are as follows. In February 2002 Defendant Hamm purchased a building located at 115 East Main Street, Lakeland, Georgia. On August 30, 2002, Hamm leased the building to the Lanier County Board of Education for a period of two years. Before the Board moved into the building, school superintendent Dr. Mark Petersen

1

requested that Hamm make some changes to the building, including replacing the floor tile. Hamm hired an independent contractor to replace the tiles. After Hamm made all the requested changes, the Board established a literacy center in the building.

In the beginning of 2004, Dr. Petersen noticed that the floor tiles were bubbling. Dr. Petersen contacted Hamm about the problem, and Hamm inspected the flooring. According to Anne Ponder, a student at the center, the floor was also soft and sunken in places.

On May 3, 2004, Plaintiff, an adult literacy teacher, fell through the floor of the building. On December 8, 2006, Plaintiff filed suit in this Court against Hamm and the Lanier County Board of Education alleging that the negligence of both Defendants caused her injuries. Both Defendants have moved for summary judgment.

## II. DISCUSSION

### A. Summary Judgment Standard

Summary judgment must be granted if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material facts and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). A genuine issue of material fact arises only when "the evidence is such that a reasonable jury could return a verdict for the nonmoving

party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).  When considering a motion for summary judgment, the Court must evaluate all of the evidence, together with any logical inferences, in the light most favorable to the nonmoving party.  Id. at 254-55.  The Court may not, however, make credibility determinations or weigh the evidence.  Id. at 255; see also Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150, 120 S. Ct. 2097, 147 L. Ed. 2d 105 (2000).

The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) (internal quotation marks omitted).  If the moving party meets this burden, the burden then shifts to the nonmoving party to go beyond the pleadings and present specific evidence showing that there is a genuine issue of material fact, or that the nonmoving party is not entitled to a judgment as a matter of law.  Id. at 324-26.  This evidence must consist of more than mere conclusory allegations.  See Avirgan v. Hull, 932 F.2d 1572, 1577 (11th Cir. 1991).  Under this scheme summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  Celotex, 477

U.S. at 322.

### B. Defendant Hamm's Motion for Summary Judgment

An owner or occupier of land has a duty to use ordinary care to keep the premises and approaches safe for individuals he invites upon his premises. O.C.G.A. § 51-3-1. An out of possession landlord's liability to third persons is, however, limited by O.C.G.A. § 44-7-14, which provides:

> Having fully parted with possession and the right of possession, the landlord is not responsible to third persons for damages resulting from the negligence or illegal use of the premises by the tenant; provided, however, the landlord is responsible for damages arising from <u>defective construction or for damages arising from the failure to keep the premises in repair</u>.

O.C.G.A. § 44-7-14 (emphasis added).

To determine whether Defendant Hamm is entitled to summary judgment, this Court must first determine which statute governs his liability. Plaintiff contends that O.C.G.A. § 51-3-1 applies because Hamm did not fully part with possession of the leased premises. In support of this position, Plaintiff relies on paragraph 7 of the lease, which states:

> LESSEE shall be responsible for keeping the interior of the premises in good order, repair and condition, except for damages resulting from fire, casualty and events against which insurance is maintained by

4

> LESSOR. LESSOR shall also maintain and replace any broken windows, plate-glass, or other glass doors or windows, air conditioning and heating units, and all other repairs to the building, improvements and fixtures on the premises.

(Hamm Dep., Ex. 1 ¶ 7). Citing <u>Ladson Invs. v. Bagent</u>, 151 Ga. App. 24, 258 S.E.2d 718 (1979), Plaintiff argues that the last sentence of this lease provision establishes that Hamm had not fully parted with possession because Hamm still had certain maintenance obligations. Plaintiff's argument is without merit because the court in <u>Ladson</u> did not hold that a landowner has not fully parted with possession if he retains certain maintenance obligations. The court concluded only that "a landlord's <u>reservation of a right to enter</u> leased premises for the purpose of inspecting and repairing, coupled with a landlord's contractual or statutory obligation to keep certain conditions in repair may give rise to a duty to exercise ordinary care to inspect and keep the premises safe." <u>Id.</u> at 25, 258 S.E.2d at 720 (emphasis added). Because the lease in this case does not contain a reservation of a right to enter, <u>Ladson</u> is inapposite. As there is no other evidence in the record that could lead a reasonable jury to conclude that Hamm had not fully parted with possession, this Court concludes that Hamm was an out of possession landlord. Accordingly, his liability is governed by O.C.G.A. § 44-7-14.

As stated above, an out of possession landlord is liable for damages arising from defective construction or failure to keep the premises in repair. Plaintiff alleges

Hamm is liable on both of these grounds.

A landlord's liability for defective construction exists "'only in cases where the structure is built by him in person or under his supervision or direction.'" Flagler Co. v. Savage, 258 Ga. 335, 337, 368 S.E.2d 504, 506-07 (1988) (quoting Ross v. Jackson, 123 Ga. 657, 659, 51 S.E. 578 (1905)). An exception to this general rule allows for liability if the landlord's predecessor in title defectively constructed the building and the landlord knew or should have known of the defective construction at the time the tenancy was created. Id.

In this case, Plaintiff alleges that the floor was defectively constructed. But there is no evidence that Hamm or any person under his supervision or direction constructed the floor, and Plaintiff admits in her response that Hamm did not construct the building. While Hamm hired an independent contractor to replace the floor tile, there is no evidence that Hamm hired any contractors to do any construction or repairs to the subfloor. Moreover, Plaintiff has not pointed to anything in the record that demonstrates Hamm knew or should have known of the floor's alleged defective construction before the tenancy was created. As a result, Hamm is entitled to summary judgment on Plaintiff's defective construction claim.

Plaintiff's sole remaining claim against Hamm is his failure to repair claim. A landlord is liable for failure to keep the premises in repair only if he knew or in the exercise of reasonable diligence should have known of the defective condition. Johnson v. Loy, 231 Ga. App. 431, 436, 499 S.E.2d 140, 144 (1998). Hamm

contends that he is entitled to summary judgment because there is no evidence he had notice of the defect that caused Plaintiff's injury.

In this case, there is evidence in the record that would entitle a reasonable jury to conclude that Hamm knew or should have known that the subfloor was in need of repair. Ponder testified at her deposition that the floor was soft and sunken in places, and that the director of the literacy center warned students to be careful while walking on the floor. (Ponder Dep. pp. 14, 27-28, 33). Ponder also testified that she saw Hamm on the premises inspecting the floor prior to Plaintiff's injury. (Id. at p. 31). Dr. Petersen testified that on at least two occasions he called Hamm to discuss the deteriorating condition of the floor tile. (Petersen Dep. p. 19). Though Dr. Petersen testified that he was mainly concerned about the appearance of the tiles and he did not believe the floor was structurally unsound, he also testified that Hamm went to the premises to inspect the floor in response to his concerns. (Id. at 21). Because "[n]otice of a defect given by the tenant to the landlord charges the latter with notice of any and all other defects such as might reasonably have been discovered by a compliance with the request for repairs," Hamm cannot escape liability if he could have reasonably discovered the subfloor's defective condition during the course of his inspection. Ball v. Murray, 91 Ga. App. 686, 686, 86 S.E.2d 706, 707 (1955); see also Davis v. All-State Home & Properties, 233 Ga. App. 60, 61, 503 S.E.2d 331, 333 (1998). As it is typically for the jury to decide what is reasonable, summary judgment based on Hamm's alleged lack of notice is

inappropriate. See Sutton v. Justiss, 290 Ga. App. 565, 566, 659 S.E.2d 903, 904 (2008) (stating that issues of negligence are typically for the jury to decide and are seldom appropriate for summary adjudication).

Hamm argues that even if he had notice of the defect, he is still entitled to summary judgment because the lease relieved him of his obligation to keep the floor in repair. Plaintiff contends that the lease did not relieve Hamm of this obligation. It does not matter either way because lease provisions that relieve a landlord of his statutory obligation to keep the premises in repair are ineffective against third parties who are injured while lawfully on the premises. Flagler Co., 258 Ga. at 337, 368 S.E.2d at 507; Spence v. Citizens & S. Nat. Bank, 195 Ga. App. 294, 296, 393 S.E.2d 1, 3 (1990). Because Plaintiff is a third party who was injured while lawfully on Hamm's property, Hamm can still be held liable to her for failing to repair the floor. As a result, Hamm's Motion for Summary Judgment on Plaintiff's failure to repair claim is denied. This the only claim that remains against Defendant Hamm.

**C. Defendant Lanier County School District's Motion for Summary Judgment**

The School District contends that it is entitled to summary judgment because the doctrine of sovereign immunity bars Plaintiff from asserting a tort claim against it. This Court agrees. The Georgia Constitution provides that "sovereign immunity extends to the state and all of its departments and agencies." GA. CONST. art. I, § 2, para. IX(e). This immunity extends to school districts because they are political

8

subdivisions of the state. Coffee County Sch. Dist. v. Snipes, 216 Ga. App. 293, 294, 454 S.E.2d 149, 150 (1995). As authorized by the Georgia Constitution, the General Assembly has granted a limited waiver of sovereign immunity by enacting the Georgia Tort Claims Act. Id. at 295, 454 S.E.2d at 150. But school districts are expressly excluded from this waiver. Id.; O.C.G.A. § 50-21-22(5). Only the legislature can waive sovereign immunity, and there is no legislative act waiving the School District's sovereign immunity for tort claims. See Coffee County Sch. Dist., 216 Ga. App. at 295, 454 S.E.2d at 150. As a result, the School District is entitled to sovereign immunity. The School District's Motion for Summary Judgment is granted.

## III. CONCLUSION

For the foregoing reasons, Defendant Hamm's Motion for Summary Judgment is granted in part and denied in part. Defendant Lanier County School District's Motion for Summary Judgment is granted. The only claim that remains is Plaintiff's failure to repair claim against Hamm.

**SO ORDERED**, this the 20th day of June, 2008

*s/ Hugh Lawson*
**HUGH LAWSON, Judge**

dhc